**23 WILLIAM ST. CORP., A NEW JERSEY CORPORATION, PLAINTIFF, v. JOSEPH BERGER AND ROTH-SCHLENGER, INC., A NEW JERSEY CORPORATION, DEFENDANTS.**

Superior Court of New Jersey
Chancery Division

Decided November 16, 1950.

*Messrs. Fast & Fast (Mr. Herman L. Fast* appearing), attorneys for the plaintiff.

*Messrs. Osborne, Cornish & Scheck (Mr. Harry V. Osborne* appearing), attorneys for defendant, Roth-Schlenger, Inc.

*Mr. Samuel Roessler,* attorney for defendant, Joseph Berger.

STEIN, J. S. C. The issue in this case involves a right of way granted in a deed from Eliza Johnes Sanders to John S. Guerin, dated June 28, 1892, and recorded in Deed Book Y 26 at page 595 of Deeds for Essex County. The interior premises to which the right of way is appurtenant are now owned by the defendant Berger and leased to the defendant Roth-Schlenger, Inc. The servient tenement is owned by the plaintiff, who claims that the easement is being put to excessive use and is being used for the benefit of premises other than the dominant tenement.

The grant of the right of way is in the following language: "This conveyance is made granting unto the said John S. Guerin his heirs and assigns a right of way over the alley way leading from William Street and described in deed (G. 15-64)."

The deed referred to in this grant (G 15-64) conveyed the

tract adjoining the alley on the west, and contains the only recorded description of the alley as an alley or right of way, as follows: "This conveyance is made subject to the right of way of James H. Lent his heirs and assigns over a portion of the above described premises 8 feet 9 inches in width and next adjoining said Lent's property, as by reference to deed (P 14-269) will more fully appear." This description did not give the length of the alley and failed to indicate that the alley is, in fact, wider than 8 feet 9 inches at its inner end. The earlier deed referred to (P 14-269) also lacked any description but granted an easement in the following words: "With the right and privilege of ingress and egress * * * in and over an alley or passageway situate and adjoining on the east, the premises hereby conveyed * * *."

However, at the hearing the location and description of the right of way was not in dispute, and the alley is described by metes and bounds, although not as an alley or right of way, but as the second tract in the deed into the plaintiff's grantors (N 113-547), as follows: "SECOND TRACT: All the right title and interest of the parties of the first part hereto in and to and expressly subject to the rights of others therein the following described property: Beginning in the Northerly line of William Street at a point therein distant 58.10 feet Easterly from the Northeasterly corner of William Street and Halsey Street, thence (1) along the said Northerly line of William Street South 60 degrees East 8.83 feet; thence (2) North 31 degrees 27 minutes East 78.02 feet; thence (3) North 62 degrees 46 minutes West 14.17 feet; thence (4) South 23 degrees West 35.08 feet to the Northeasterly corner of the house standing on the land now or formerly of James H. Lent; thence (5) South 31 degrees 15 minutes West along the Easterly side of said house 42.50 feet to the Northerly side of William Street and the place of Beginning."

So it appears that the alley is 8.83 feet wide at its entrance on William Street, 78.02 feet in length, and 14.17 feet in width at the back, as is shown on the diagram submitted in evidence and annexed to this opinion as a part thereof.

In 1870 one Mackin conveyed to one Bell a tract (Deed Book G 15, page 64), including in the description the alleyway in question, as shown on the attached diagram, and reciting that "this conveyance is made subject to the right of way of James H. Lent, his heirs and assigns over a portion of the above described premises 8 feet 9 inches in width and next adjoining said Lent's property, as by reference to deed (P 14-269) will more fully appear." No deed other than this contains any description of the alley or right of way, as such, by metes and bounds, but the subsequent conveyance by Bell

to Sanders in 1884 (Deed Book M 22, page 143) was expressly "made subject to the right of way of James H. Lent his heirs and assigns over a portion of the above described premises as described in the last mentioned deed from Mackin to Augustus W. Bell."

On June 28, 1892, Sanders conveyed to Guerin the premises now owned by Berger, as outlined on the diagram annexed hereto (Deed Book Y 26, page 595). This deed contains the grant of the right of way in this case, in the following language: "This conveyance is made granting unto the said John S. Guerin his heirs and assigns a right of way over the alleyway leading from William Street and described in deed (G 15-64)." In February, 1924, Guerin conveyed the same tract to Guthrie (Deed Book O 69, page 586), "together with a right of way over an alley leading from William Street and as described in (G 15-64)," and Berger is now the owner thereof, as well as of the adjacent Guthrie land adjoining these premises on the west and facing on Halsey Street. The Halsey Street frontage 60 feet in width, entirely built upon, is the first tract described in the deed to Berger, which was introduced in evidence.

In 1900, Sanders conveyed to Schumann the premises now owned by the plaintiff (Deed Book Q 33, page 462), expressly "subject to the right of way of the owner of the property on the west his heirs and assigns to the alley on the above described premises to the depth of his lot as conveyed in deed (P 14-269) and also subject to the right of way over said alley of John S. Guerin his heirs and assigns as conveyed in deed (Y 26-595)."

On October 18, 1949, the devisee of Schumann conveyed the same land to Rosengarten and Abeles (both officers of the plaintiff corporation), but described the premises as two tracts (Deed Book N 113, page 547). The second tract described in the deed is the alleyway, which although not referred to as such is described by metes and bounds, as shown on diagram annexed hereto. The second tract was conveyed "expressly subject to the right of others therein," and both tracts

were conveyed expressly "subject to the easements and grants contained in (G 15–64, P 14-269 and Y 26-595)." The subsequent conveyance to the plaintiff on January 12, 1950, described the entire premises, including the alley, as a single tract, "subject to easements of record affecting said premises as recorded in (G 15-64, P 14-269 and N 113-595)."

According to the agreed statement of facts and the testimony the Berger premises have been used "on and off," but almost continuously, as a parking lot ever since 1924, and Roth-Schlenger, Inc., the present lessee, has used the premises for that purpose since sometime in the mid-thirties, but not as a public parking lot on which anyone may park upon payment of a fee. Some neighbors have been permitted to park in the lot as a convenience, for which they pay a monthly charge, but otherwise the lot is used solely for the free parking of cars of customers of the Roth-Schlenger store at the corner of William and Halsey Street, while such customers are at the store or while accessories purchased at the store are installed on their automobiles.

There exists no means of direct access between the Berger lot and the Roth-Schlenger store, and customers parking on the lot must leave by way of the alley and walk along William Street to the store. Nor is there any direct access between the lot and the remaining tract owned by Berger, facing on Halsey Street, and the alley is the sole means of ingress and egress to and from the lot.

Testimony was adduced by the plaintiff to the effect that some 80 or 90 cars use the alley daily, and that Roth-Schlenger customers and employees occasionally block the passageway. However it appears that Roth-Schlenger endeavors to keep the alley unobstructed and that cars of customers and tenants using the plaintiff's building on occasion also block it.

The plaintiff also demands damages. There was some testimony as to damage to a sign and to plaintiff's building which it was said was caused by the cars using the driveway and the lot, but whether the damage had been done by Roth-Schlenger customers or by customers of the plaintiff was not established.

nor was evidence offered to establish the amount of such alleged damages.

■ The deed creating the easement in favor of the land now owned by the defendant Berger and leased to Roth-Schlenger, Inc., imposes no limitation or restriction on the extent of the use to which the right of way may be put. The owner of the dominant tenement, Berger, may therefore use the alleyway as a general way for all purposes to which the dominant tenement may be devoted, and this although the land over which the right of way passes belongs to the plaintiff, the right of way is the property of Berger, the owner of the dominant tenement and may be used not only by him and his employees, but by persons having occasion to transact business on his property, whether it be used on foot or by vehicles.

In *Reichert v. Gill*, 112 *N. J. Eq.* 510 (*Ch.* 1933), where the right of way was created in the words "that a strip of land five feet front and rear * * * shall be kept open as an alleyway by the parties to these presents, their heirs and assigns forever," the Vice-Chancellor said, quoting from *Shreve v. Mathis*, 63 *N. J. Eq.* 170 (*Ch.* 1902):

"The last point made by the defendant is his claim that the right of way is over a private alley, and that the use to be made of it must be as a footway for the owners, and not as a foot and wagonway for themselves and such as may have business with them. The agreement for the way contains no specifications of any particular manner in which the alley should be used. It imposes no limitations on the extent of the use. It is declared that it shall be a free and unobstructed right of way over a private alley. Any use consistent with the use of a way is within the agreement. A footway, a wagonway, a passage for horses or other animals are all permissible uses of a way * * *. Nor is the owner of the way limited to its use by himself *in propria persona*. The way belongs to him as his property."

Vice-Chancellor Fielder in *National Silk Dyeing Co. v. Grobart*, 117 *N. J. Eq.* 156 (*Ch.* 1934), which involved a controversy over a right of way held:

"The fact that in the inception of the easement the Post tract may have been vacant land and the Taylor tract had but a single dwelling

house thereon, would not confine its use to what may have been its original purpose. No limitation was placed on the extent of the use of the lane as appurtenant to the two tracts and the lane was therefore available as a general way for all purposes to which the dominant tracts might be devoted. * * *

"I cannot agree with defendants' contention that complainant's excessive use of the easement since 1921-1922 has worked a forfeiture of the easement. The easement is a property right which cannot be taken from complainant in a summary way and equity abhors forfeiture."

The right of way being appurtenant to the property of Berger, he had a right to lease the dominant tenement together with the right of way to Roth-Schlenger, Inc., who as lessee, acquired the dominant tenement together with the right to use it for any lawful purpose.

In the instant case the right of way is used as a means of ingress to and egress from the dominant tenement alone, for the sole benefit of the dominant tenement in connection with a purpose to which it is lawfully put by the tenant thereof, namely the parking of vehicles. It is impossible to pass beyond the dominant tenement to the premises occupied by Roth-Schlenger, Inc., without repassing over the right of way and along a public street.

Complaint is dismissed.